EL PUEBLO, DEMANDANTE Y APELADO, *v.* AVILÉS, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por infracción al artículo 287 del Código Penal.

No. 1951.—Resuelto en junio 22, 1922.

CASA DE LENOCINIO—CAUSA DE ACCIÓN—PRUEBA SUFICIENTE.—Aduce hechos suficientes una acusación por infracción del artículo 287 del Código Penal en la cual si bien no se siguen las mismas palabras del estatuto, se alega que el apelante tenía establecida y personalmente administraba en el barrio de ———, municipio de ———, una casa de lenocinio frecuentada por personas de opuesto sexo para verificar actos carnales de modo ilícito; y habiéndose probado que a tal casa concurrían prostitutas para realizar actos carnales con hombres desconocidos para ellas, la sentencia condenatoria está justificada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Tormes.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Se funda el primer motivo del recurso en este caso en que la acusación no expresa hechos constitutivos de delito.

Según el artículo 287 del Código Penal comete delito menos grave (*misdemeanor*) toda persona que estableciere o tuviere establecida en Puerto Rico una casa de lenocinio, frecuentada para la prostitución y lascivia, o que voluntariamente residiere en ella; y la acusación formulada contra el apelante dice que tenía establecida y personalmente ha administrado en el barrio de "Canas" de Ponce una casa de lenocinio, frecuentada por personas de opuesto sexo para verificar actos carnales de modo ilícito.

Como se ve no emplea la acusación las mismas palabras del estatuto, pero expresa la misma idea porque una casa de lenocinio frecuentada por personas de opuesto sexo para verificar actos carnales de modo ilícito es una casa de lenocinio frecuentada para la prostitución y lascivia; y en la manera que está redactada la acusación es aún más clara que si hubiera usado las propias palabras del estatuto puesto que expresa hechos que son constitutivos de prostitución y de lascivia. El caso de *El Pueblo* v. *Bracero,* 27 D. P. R. 124, que nos cita el apelante no tiene aplicación al presente puesto que la casa no era frecuentada para prostitución y lascivia toda vez que la acusada solamente se dedicaba a la prostitución en la casa que vivía.

En el segundo motivo de error se sostiene que la prueba es insuficiente para sostener la condena, pero hubo declaraciones de que a la casa concurrían prostitutas para realizar actos carnales con hombres desconocidos para ellas.

La sentencia apelada debe ser confirmada.

> *Confirmada la sentencia apelada, modificándola.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.